IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANTHONY S. FOLKS | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 08-349 (CKK) |
| | : | |
| UNITED STATES DEPARTMENT OF JUSTICE; MICHAEL B. MUKASEY ; ATTORNEY GENERAL OF THE UNITED STATES; KENNETH WAINSTEIN, UNITED STATES ATTORNEY FOR THE DISTRICT OF COLUMBIA; ADAM COHEN, ASSISTANT UNITED STATES ATTORNEY FOR THE DISTRICT OF COLUMBIA; PROBATION DEPARTMENT; HOWARD B. KATZOFF | : | |

## **DEFENDANT HOWARD B. KATZOFF'S MOTION TO DISMISS**

Defendant, Howard B. Katzoff, Esq., by counsel CARR MALONEY P.C. and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully moves this Court to dismiss with prejudice, the claims asserted against him by Plaintiff Anthony S. Folks for failure to state a claim for which relief can be granted, and for those reasons more fully set forth in the attached Memorandum of Points and Authorities.

    Respectfully submitted,

    CARR MALONEY P.C.

By:   /s/ Dennis J. Quinn
      Dennis J. Quinn, #455793
      1615 L Street, N.W.
      Suite 500
      Washington, D.C. 20036
      (202) 310-5500 (Telephone)
      (202) 310-5555 (Facsimile)
      djq@carrmaloney.com

## REQUEST FOR HEARING

      Pursuant to Rule 12(i) of the Federal Rules of Civil Procedure, and LCvR 78.1, Defendant Howard Katzoff, Esquire, respectfully requests that this Court schedule a hearing to address the issues raised in the foregoing Motion to Dismiss.

                                               /s/ Dennis J. Quinn
                                               Dennis J. Quinn

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on the 4th day of April, 2008, a copy of the foregoing *Motion to Dismiss* was electronically filed and mailed, postage prepaid to:

      Anthony S. Folks
      # 24721-016
      Philadelphia F.D.C.
      POB 562
      Philadelphia, PA 19106

      Adam Cohen
      Assistant U. S. Attorney for the District of Columbia
      501 Third Street, N.W.
      Washington, D.C. 20001

      Michael B. Mukasey
      United States Attorney General
      555 4th Street, N.W.
      Room 4444
      Washington, D.C. 20530

      Kenneth Wainstein
      United States Attorney for the District of Columbia
      555 4th Street, N.W.
      Washington, D.C. 20530

      Probation Department
      555 4th Street, N.W.
      Room 4444
      Washington, D.C. 20530

      /s/ Dennis J. Quinn
      Dennis J. Quinn

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANTHONY S. FOLKS | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 08-349 (CKK) |
| | : | |
| UNITED STATES DEPARTMENT OF JUSTICE; MICHAEL B. MUKASEY; ATTORNEY GENERAL OF THE UNITED STATES; KENNETH WAINSTEIN, UNITED STATES ATTORNEY FOR THE DISTRICT OF COLUMBIA; ADAM COHEN, ASSISTANT UNITED STATES ATTORNEY FOR THE DISTRICT OF COLUMBIA; PROBATION DEPARTMENT; HOWARD B. KATZOFF | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
HOWARD B. KATZOFF'S RULE 12(B)(6) MOTION TO DISMISS**

In support of the foregoing Motion, Defendant Howard B. Katzoff, Esq. submits the following memorandum of law.

Preliminary Statement

This is a Section 1983 claim. The plaintiff is an inmate in a federal penitentiary. The plaintiff alleges that his former court appointed defense attorney somehow failed to prevent confidential information from being used by the probation department to increase his prison sentence. He has sued the federal government, and his former attorney for violating his constitutional rights. Section 1983 is only actionable against persons acting under color of law. Because a defense attorney is not a state actor, plaintiff has not and cannot state a legal claim against his former defense attorney. As such, his claim must be dismissed with prejudice.

I.     INTRODUCTION

Pro se Plaintiff Anthony Folks is currently incarcerated in federal prison in Philadelphia, Pennsylvania. On February 27, 2008 he filed the instant lawsuit alleging violations of 42 U.S.C. § 1983 against United States Attorneys for the District of Columbia Adam Cohen and Kenneth Wainstein, the Probation Department, United States Attorney General Michael Mukasey, the United States Department of Justice, and his former criminal defense counsel Howard B. Katzoff. While it is difficult to follow, it appears that Mr. Folk's Complaint alleges that the Defendants deprived him of various constitutional rights by permitting confidential information revealed by Mr. Folks as part of a criminal plea agreement to be used against him in a subsequent probation violation proceeding. *See, e.g.* Complaint, pp. 2-3, Subheading "Cause of Action". Mr. Folks alleges that Mr. Katzoff's supposed failure to prevent the revelation of this confidential information at his subsequent probation hearing constituted ineffective assistance of counsel. *Id.* According to Mr. Folks, the actions by Defendants have caused him to be incarcerated for an additional 18 months. *Id.*

As will be set forth more fully below, even though appointed by the court, Mr. Katzoff was not a "state actor" when he undertook to represent Mr. Folks in the criminal proceedings described in the Complaint, thus Mr. Katzoff cannot be found liable for violations of 42 U.S.C. § 1983, and Mr. Folks' Complaint against Mr. Katzoff must therefore be dismissed with prejudice.

II.    ARGUMENT

    *A.     Standard of Review*

The purpose of Fed. R. Civ. P. 12(b)(6) is to permit the Court to terminate lawsuits that are fatally flawed in their legal premises and thus to spare the litigants the burdens of unnecessary

2

pretrial and trial activity. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). Recently, the Supreme Court, in *Bell Atlantic v. Twombly*, 127 S. Ct. 1955 (2007), held that to survive a motion to dismiss, a plaintiff must provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Id.* at 1965 (internal citations omitted). The Court explained that "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* It rejected a reading of precedent that would permit "a wholly conclusory statement of claim [to] survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." *Id.* at 1968-69 (internal citations omitted). Finally, the Court concluded that "[b]ecause the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Id.* at 1974. *See also Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (court should not accept "inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint" or "legal conclusions cast in the form of factual allegations"); *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

> B.  Plaintiff Cannot Establish a Cause of Action Against Mr. Katzoff for Violation of 42 U.S.C. § 1983

To support a claim under 42 U.S.C. § 1983, a plaintiff must establish that: 1) the Defendant deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States; and 2) the conduct complained of was committed by a *person acting under color of state law*. *See, e.g. Washington v. District of Columbia*, 802 F. 2d 1478, 1480 (D.C. Cir. 1986)(emphasis added). Mr. Folks' Complaint alleges that Defendant deprived him of rights and privileges secured by the United States Constitution, specifically his Fifth, Sixth and Eight Amendment Rights. *See* Complaint, pp. 2-3. Despite these allegations, Mr. Folks does not, and

cannot allege that Mr. Katzoff deprived him of these rights while acting under color of state law. As a result, Mr. Katzoff could not have violated 42 U.S.C. § 1983.

It is well established that a public defender or court appointed defense counsel does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed. 2d 509 (1981). *See generally* 36 A.L.R. Fed 594 (1978).

This Court recently addressed this issue in *Rice v. District of Columbia Public Defender Service*, 531 F. Supp. 2d 202 (D.D.C. 2008) and *Simmons v. Beshouri*, 2006 WL 751335 (D.D.C. 2006), *aff'd* 200 Fed.Appx. 3 (D.C.Cir 2006). In *Rice*, the Plaintiff was a prisoner in a federal penitentiary who sued the District of Columbia Public Defender Service for violations of 42 U.S.C. § 1983 for allegedly appointing an individual to represent him at a criminal proceeding who was not a licensed attorney. In granting defendant's motion to dismiss, Judge Friedman relied on the Supreme Court's holding in *Polk County* and held "[c]ourts in this Circuit are bound by the Supreme Court's ruling, and have dismissed civil rights claims against defense counsel on the ground that counsel are not state actors when representing clients." 531 F. Supp at 204 (internal citations omitted). In *Simmons* an inmate sued his court appointed defense counsel alleging that he conspired with the prosecutor and judge to deny the plaintiff his Constitutional rights. Judge Huvelle held that pursuant to *Polk County*, a court-appointed defense counsel is not a state actor under 28 U.S.C. § 1983.

The grounds for dismissing Mr. Folks' Complaint against Mr. Katzoff are identical to those in *Rice* and *Simmons*. The fact that Mr. Katzoff was a court-appointed attorney does not make him a state actor. Since Mr. Folks' Complaint does not and cannot allege that Mr. Katzoff's

4

representation of him involved any type of state action, the Complaint against Mr. Katzoff for violation of 42 U.S.C. § 1983 must be dismissed with prejudice.

**III.   CONCLUSION**

Mr. Katzoff served as Mr. Folks' criminal defense counsel. To establish a claim for violation of 42 U.S.C. § 1983, a plaintiff must prove that the defendants actions were taken under color of state law. It is black letter law that defense counsel are not state actors when representing clients. Since Mr. Folks' Complaint does not and cannot allege that Mr. Katzoff was a state actor, Mr. Folks cannot establish a claim for violation of 42 U.S.C. § 1983 against Mr. Katzoff, and his Complaint against Mr. Katzoff must be dismissed with prejudice.

        Respectfully submitted,

        CARR MALONEY P.C.

    By: /s/ Dennis J. Quinn
       Dennis J. Quinn, #455793
       1615 L Street, N.W.
       Suite 500
       Washington, D.C. 20036
       (202) 310-5500 (Telephone)
       (202) 310-5555 (Facsimile)
       djq@carrmaloney.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY S. FOLKS          :
                          :
      Plaintiff,       :
                          :
v.                        :    Case No. 08-349 CKK
                          :
UNITED STATES DEPARTMENT OF :
JUSTICE; MICHAEL B. MUKASEY; :
ATTORNEY GENERAL OF THE UNITED :
STATES;                   :
KENNETH WAINSTEIN, UNITED :
STATES ATTORNEY FOR THE   :
DISTRICT OF COLUMBIA;     :
ADAM COHEN, ASSISTANT UNITED :
STATES ATTORNEY FOR THE DISTRICT :
OF COLUMBIA; PROBATION    :
DEPARTMENT; HOWARD B. KATZOFF :

## **ORDER**

Upon consideration of Defendant Howard B. Katzoff's Rule 12(b)(6) Motion to Dismiss and any and all opposition thereto, it is this _____ day of _____, 2008;

ORDERED, that Defendant Howard B. Katzoff's Rule 12(b)(6) Motion to Dismiss is hereby GRANTED; and it is further

ORDERED, Plaintiff's Complaint against Defendant Howard B. Katzoff is hereby DISMISSED WITH PREJUDICE.

SO ORDERED.

_____
Judge Colleen Kollar-Kotelly

Copies to:

Dennis J. Quinn, Esquire
Carr Maloney P.C.
1615 L Street, N.W., Suite 500
Washington, D.C. 20036

Anthony S. Folks
# 24721-016
Philadelphia F.D.C.
POB 562
Philadelphia, PA 19106

Adam Cohen
Assistant United States Attorney for the District of Columbia
501 Third Street, N.W.
Washington, D.C. 20001

Michael B. Mukasey
United States Attorney General
555 4th Street, N.W.
Room 4444
Washington, D.C. 20530

Kenneth Wainstein
United States Attorney for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530

Probation Department
555 4th Street, N.W.
Room 4444
Washington, D.C. 20530

2