UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

)
ANTHONY S. FOLKS,                    )
                                     )
          Plaintiff *pro se*,        )
                                     )
     v.                              )     Civil Action No. 08-0349 (CKK)
                                     )
ADAM COHEN, *et al.*,                )
                                     )
          Defendants.                )
_____  )

## FEDERAL DEFENDANTS' MOTION TO DISMISS

The Federal Defendants, the United States Department of Justice ("DOJ"), Michael B. Mukasey, Attorney General of the United States, Kenneth Wainstein, former United States Attorney for the District of Columbia, and Adam Cohen, Assistant United States Attorney, by and through undersigned counsel, hereby move this Court, pursuant to Fed. R. Civ. P. 12(b)(1), (b)(2) and (b)(6), to dismiss all claims against the Federal Defendants for damages or any other relief on the grounds that this Court lacks subject matter jurisdiction, lacks personal jurisdiction, and because Plaintiff has failed to state a claim upon which relief can be granted. In support of this motion, the Court is respectfully referred to the accompanying Memorandum of Points and Authorities in Support.

Respectfully submitted,

 /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

 /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

  /s/
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Civil Division
Room E4905
Washington, D.C. 20530
(202) 514-7250
Judith.A.Kidwell@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

)
ANTHONY S. FOLKS,                                    )
                                                     )
                    Plaintiff *pro se*,              )
                                                     )
          v.                                         )     Civil Action No. 08-0349 (CKK)
                                                     )
ADAM COHEN, *et al.*,                                )
                                                     )
                    Defendants.                      )
                                                     )

---

**FEDERAL DEFENDANTS' MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

**I.  INTRODUCTION**

Plaintiff *pro se*, Anthony S. Folks, filed this action, pursuant to 42 U.S.C. § 1983, on

February 27, 2008, naming as the Federal Defendants, the United States Department of Justice,

Michael B. Mukasey, Attorney General of the United States, Kenneth Wainstein, former United

States Attorney for the District of Columbia,[1] and Adam Cohen, Assistant United States

Attorney.  *See* Complaint ¶¶ 1, 4.  Plaintiff alleges that the Federal Defendants violated his

constitutional rights by disclosing what Plaintiff alleges was confidential information that

Plaintiff provided for his plea agreement in *United States of America v. Folks*, 02-CR-0077,[2] in

the United States District Court for the District of Columbia.  Plaintiff complains that such

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Jeffrey A. Taylor, United States Attorney is substituted for Kenneth Wainstein in his official capacity.

[2] Because Plaintiff has failed to make clear when these events occurred, the Federal Defendants reserve the right to argue that Plaintiff's claims are barred by the three-year statute of limitations.  *See Banks v. Chesapeake and Potomac Telephone Co.*, 802 F.2d 1416, 1418 (D.C. Cir. 1986) (directing federal courts to be guided by a companion statute in determining the appropriate statute of limitations in a federal civil rights action and finding an action under a similar civil rights statute to be governed by a three-year statute of limitations)).

information was improperly included in his presentence report and was filed in a proffer with the Court.[3] *See* Complaint ¶¶ 4, 6.  As a result, Plaintiff alleges that he received an additional increase of 18 months imprisonment because of the disclosure of this information.  *See* Complaint ¶ 6.

## II.  LEGAL STANDARDS OF REVIEW

The Federal Defendants move to dismiss the complaint filed herein pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  The different standards of review for dismissal under these rules are discussed below.

### A.  Subject Matter Jurisdiction

"In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." *Thompson v. Capitol Police Board*, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted).  "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." *Rann v. Chao, Dep't. of Labor*, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citations omitted), *affirmed*, 346 F.3d 192 (D.C. Cir. 2003), *cert. denied*, 543 U.S. 809 (2004).  In addition, "[o]n a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." *Thompson*, 120 F. Supp. at 81.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) in two ways.  First, the court may determine the motion based solely on the

_____

[3] Plaintiff has also brought suit against his defense counsel.

2

complaint. *Herbert v. National Academy of Science*, 974 F.2d 192, 197 (D.C. Cir. 1992).

Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations

of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the

conflicting evidence.  As explained below, the Court lacks subject matter jurisdiction in this

action because any of Plaintiff's claims for constitutional torts against the United States are

barred by the doctrine of sovereign immunity.  For these reasons, the complaint herein should be

dismissed as to the Federal Defendants.

### B.  Failure To State A Claim Upon Which Relief Can Be Granted

On a motion to dismiss for failure to state a claim upon which relief can be granted

pursuant to Rule 12(b)(6), the Court will dismiss a claim if a plaintiff's complaint fails to plead

"enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v.*

*Twombly*, 127 S. Ct. 1955, 1974 (2007) (clarifying the standard from *Conley v. Gibson*, 355 U.S.

41, 47 (1957)); *see also Aktieselskabet v. Fame Jeans, Inc.*, -- F.3d ---, 2008 WL 1932768 (D.C.

Cir. Apr. 29, 2008); *In re Sealed Case*, 494 F.3d 139, 145 (D.C. Cir. 2007) (citing *Twombly)*.

Hence, the focus is on the language in the complaint, and whether that language sets forth

sufficient factual allegations to support plaintiff's claims for relief.

The court must construe the factual allegations in the complaint in the light most

favorable to Plaintiff and must grant Plaintiff the benefit of all inferences that can be derived

from the facts as they are alleged in the complaint.  *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C.

Cir. 2004) (citing *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

However, the Court need not accept any inferences or conclusory allegations that are unsupported

by the facts pleaded in the complaint.  *Kowal*, 16 F.3d at 1276.  Moreover, the Court need not

3

"accept legal conclusions cast in the form of factual allegations."  *Id.*

### III.    PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE FEDERAL DEFENDANTS UNDER 42 U.S.C. § 1983

Title 42, United States Code, Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

"To state a valid claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution[4] and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988) (internal citations omitted).  The traditional definition of acting under color of state law requires that a defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the alleged wrongdoer is clothed with the authority of state law.'  *Williams v. United States*, 396 F.3d 412, 414 (D.C. Cir. 2005) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *accord Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 695-701 (1978); *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981).

However, the Federal Defendants are federal officials, were acting under color of federal law in the United States District Court for the District of Columbia, and are not subject to suit under 42 U.S.C. § 1983.  *See District of Columbia v. Carter,* 409 U.S. 418 (1983); *Resident Council of Allen Parkway Village v. United States Dep't of Hous. and Urban Dev.*, 980 F.2d

---

[4] With respect to the Federal Defendants, Plaintiff alleges violations of the Fifth and Eighth Amendments to the U.S. Constitution.

1043 (5th Cir. 1993).  Moreover, any attempt to hold the Federal Defendant DOJ liable would also fail because the DOJ is not a "person" as defined in § 1983, and recovery may not be based on a theory of *respondeat superior* or vicarious liability.  *See Graham v. Davis*, 880 F.2d 1414, 1421 (D.C. Cir. 1989) (citations omitted).  Plaintiff's claims against the Federal Defendants pursuant to 42 U.S.C. § 1983 should, therefore, be dismissed.

## IV.  PLAINTIFF'S ACTION IS AN IMPROPER ATTACK ON HIS CONVICTION AND SENTENCING

Even assuming *arguendo* that any of the Federal Defendants were state actors, to recover damages under 42 U.S.C. § 1983, Plaintiff would have to show that his conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*.  *See Heck v. Humphrey*, 512 U.S. 477 (1994) (holding that an action for damages against government officials will not lie for acts whose unlawfulness would render a conviction or sentence invalid, unless the conviction or sentence has been reversed, expunged, invalidated or called into question in a federal *habeas corpus* action)).  Plaintiff's complaint fails to allege in any way that his conviction or sentence have been overturned.  Accordingly, his action here constitutes an improper challenge to the unlawfulness of his sentence and should be dismissed.

## V.  PLAINTIFF'S CLAIMS AGAINST THE FEDERAL DEFENDANTS IN THEIR OFFICIAL CAPACITIES ARE BARRED BY THE DOCTRINE OF SOVEREIGN IMMUNITY

Absent a waiver, sovereign immunity shields the Federal government and its agencies from suit.  *Loeffler v. Frank*, 486 U.S. 549, 554 (1988).  Sovereign immunity is jurisdictional in nature.  *See United States v. Sherwood*, 312 U.S. 584 (1941); *see also United States v. Mitchell*,

463 U.S. 206 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction")).

Claims pursuant to 42 U.S.C. § 1983 are tort claims. *See Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 305 (1986). However, the Federal Tort Claims Act ("FTCA") is the exclusive remedy to obtain money damages arising from the negligent or wrongful act of any federal employee acting within the scope of employment. *See* 28 U.S.C. § 2679(b)(1). The FTCA mandates that the United States be substituted as the proper defendant in the event that a plaintiff seeks monetary damages from defendants in their official capacities.

However, any such claims by Plaintiff would, nevertheless, fail for several reasons. First, Plaintiff has not alleged that he filed an administrative claim with the relevant federal agency and had that claim denied in writing. *See* 28 U.S.C. §2675(a). Presentment of an administrative claim is a jurisdictional prerequisite to suit under the FTCA. *See, e.g., GAF Corporation v. United States*, 818 F.2d 901, 905 (D.C. Cir. 1987). Secondly, the United States would be entitled to assert any defense based upon absolute or qualified immunity which otherwise would have been available to the federal employee. *See* 28 U.S.C. § 2674. Finally, Plaintiff's claims would be barred by the doctrine of sovereign immunity, because they are in reality claims against the United States for which sovereign immunity has not been waived. *See Federal Deposit Insurance Corporation v. Meyer*, 510 U.S. 471 (1994) (holding that a constitutional tort claim is not cognizable against a federal agency under the jurisdictional grant of the Federal Tort Claims Act)). Therefore, to the extent that Plaintiff seeks money damages under the FTCA, his claims must be dismissed.

6

## VI.  PLAINTIFF'S CLAIMS AGAINST THE FEDERAL DEFENDANTS
## IN THEIR PERSONAL CAPACITIES ALSO FAIL

In any event, should Plaintiff be suing the Federal Defendants in their individual

capacities on some other theory, his claims would still fail because: (1) the Court lacks personal

jurisdiction over the individual Federal Defendants; and (2) the individual Federal Defendants

have absolute or qualified immunity.

### A.  This Court Lacks Personal Jurisdiction Over
### the Federal Defendants In Their Individual Capacities

This Court is without personal jurisdiction over the Federal Defendants in their individual

capacities in the absence of proper service.  It is well-established that, in an action against a

federal employee in an individual capacity, the individually sued defendant must be served with

process in accordance with rules applicable to individual defendants.  *See Simpkins v. District of*

*Columbia Govt.,* 108 F.3d 366 (D.C. Cir. 1997); *Lawrence v. Acree,* 79 F.R.D. 669, 670 (D.D.C.

1978); *Delgado v. Bureau of Prisons*, 727 F. Supp. 24 (D.D.C. 1989).  Fed. R. Civ. P. 4 requires

that a copy of the summons and complaint be delivered to a defendant (or his appointed agent)

personally, or be left "at his dwelling house or usual place of abode with some person of suitable

age and discretion" who resides therein.  *Lawrence*, 79 F.R.D. at 670.   Service on the Attorney

General of the United States or the United States Attorney for the district in which the action is

brought, pursuant to the rules applicable to official capacity suits, "does not obviate the

requirement of personal service . . . where the action is in substance against a federal official in

his individual capacity."  *Lawrence v. Acree*, 79 F.R.D. at 670; *Delgado v. Bureau of Prisons*,

727 F. Supp. at 27.

To the extent that Plaintiff seeks relief against federal employees in an individual

7

capacity, the Court must acquire personal jurisdiction in order to enter a binding judgment. *Griffith v. Nixon*, 518 F.2d 1195 (2d Cir.) *cert. denied*, 423 U.S. 995 (1975). Because the record in this action does not establish proper personal service upon the individual Federal Defendants in their individual capacities, all claims against them in such capacities should be dismissed.

### B.    The Individual Federal Defendants Are Entitled to Absolute Immunity

The Federal Defendants, Adam Cohen, Kenneth Wainstein and Michael B. Mukasey, in their roles as federal prosecutors, are entitled to absolute immunity from suit under 42 U.S.C. § 1983 or similar constitutional tort theories. *See Butz v. Economou*, 438 U.S. 478, 509-11 (1978) (absolute prosecutorial immunity when acting within prosecutorial function); *Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976) (prosecutors afforded absolute immunity in suits arising under section 1983 or the *Bivens* doctrine). According to Plaintiff's complaint, Plaintiff voluntarily entered a plea and proffer, and the alleged disclosure of confidential information was in the context of providing information for his presentence report. *See* Complaint ¶ 4, 6. Plaintiff alleges that all three of the individual Federal Defendants "were responsible for the negotiation of a plea agreement with plaintiff," and alleges that all three were responsible for the alleged improper disclosure of information. *See* Complaint ¶ 4.

However, in considering whether to accept a plea, the Court is obligated under Rule 11 of the Federal Rules of Criminal Procedure to determine whether a plea is voluntary, the nature of each charge to which a defendant is pleading, and the factual basis for a plea. *See* Fed. R. Crim. P. 11(b)(1)(G), 11(b)(2), 11(b)(3). Moreover, the prosecutor must disclose the plea agreement, which must be accompanied by a written stipulation of facts relevant to sentencing and cannot contain misleading facts. *See* Fed. R. Crim. P. 11(c)(2); *see also* United States Sentencing

8

Commission, Guidelines Manual ("U.S.S.G."), § 6B1.4 (November 2001).  Finally, a probation officer is usually required to conduct a presentence investigation and report to the Court before imposition of a sentence.  *See* U.S.S.G. § 6A1.1 (November 2001).

 Plaintiff concedes that some of the individual Federal Defendants participated in negotiating Plaintiff's voluntary plea agreement and were, therefore, acting within a prosecutorial function.[5]  Accordingly, these Federal Defendants are entitled to absolute immunity from suit.

Moreover, even if any alleged actions against Federal Defendants Kenneth Wainstein and Michael B. Mukasey were considered to be in an administrative capacity, they would still be entitled to qualified immunity.  *See Imbler v. Pachtman*, 424 U.S. at 431 (even when a prosecutor "functions as an administrator rather than as an officer of the court" he is entitled to qualified immunity); *Malley v. Briggs*, 475 U.S. 335, 340 (1986) (qualified immunity "represents the norm for executive officers") *quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Plaintiff has not articulated a clearly established constitutional right, at a sufficient level of specificity, that the Federal Defendants are alleged to have violated.  *See Siegert v. Gilley*, 500 U.S. 226, 236 (1991); *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998).  Consequently, Plaintiff's claims against these Federal Defendants likewise fail.[6]

---

[5] Plaintiff cannot establish that the Federal Defendants Wainstein or Mukasey were personally involved in his plea agreement or sentencing.  Accordingly, because *Bivens* liability cannot be based on a *respondeat superior* supervisory theory, *see Simpkins v. District of Columbia Govt.*, 108 F.3d 366, 369 (D.C. Cir. 1997); *Trulock v. Freeh*, 275 F3d 391 (4th Cir. 2001), there is an additional basis upon which to dismiss these Federal Defendants.

[6] As discussed in section V above, any attempt to hold the DOJ liable would also fail because the DOJ is immune from constitutional claims for damages under *Bivens* or otherwise. *See FDIC v. Meyer*, 510 U.S. at 484-86.

## **Conclusion**

For the foregoing reasons, the Federal Defendants respectfully request that Plaintiff's claims against them be dismissed with prejudice.

Respectfully submitted,

/s/
_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
_____
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Civil Division
Room E4905
Washington, D.C. 20530
(202) 514-7250
Judith.A.Kidwell@usdoj.gov

## CERTIFICATE OF SERVICE

       I HEREBY CERTIFY that a copy of the foregoing Federal Defendants' Motion to Dismiss was mailed, postage pre-paid, to Anthony S. Folks, Plaintiff *pro se*, on this 8th day of May 2008, to the following addresses:

Anthony S. Folks
11703 Belvidere Road
Mitchellville, MD 20721

Anthony S. Folks
P.O. Box 1000
Lewisburg, PA 17837

Anthony S. Folks
#24721-016
Philadelphia F.D.C.
POB 562
Philadelphia, PA 19106


                           ___/s/_____
                           JUDITH A. KIDWELL
                           Assistant U.S. Attorney